## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.

ASTON EVAPORATIVE SERVICES, LLC,

     Plaintiff,

v.

SNOW MACHINES, INCORPORATED,

     Defendant.

---

## COMPLAINT AND JURY DEMAND

---

Plaintiff Aston Evaporative Services, LLC, by and through counsel, the Fischer Law Firm, P.C. and the Patent Law Offices of Rick Martin, P.C., hereby asserts the following patent infringement complaint against Defendant Snow Machines, Incorporated and states and avers as follows:

### I.   THE PARTIES

1.     Plaintiff Aston Evaporative Services, LLC, (hereinafter "Plaintiff Aston") is a Limited Liability Company organized and existing under the laws of the State of Colorado. Plaintiff Aston's corporate headquarters and principal place of business is located at 743 Horizon Court, Suite 250, Grand Junction, Colorado 81506.

2.     Defendant Snow Machines, Incorporated (hereinafter "Defendant SMI") is a Corporation organized and existing under the laws of the State of Michigan. Defendant SMI's corporate headquarters and principal place of business is located at 1512 North Rockwell Drive, Midland, Michigan 48642.  Defendant SMI's registered agent is J.M. Vanderkelen, 1512 North

Rockwell Drive, Midland, Michigan 48642.

## II.   JURISDICTION AND VENUE

3.      This is an action for infringement of three United States patents arising under 35

U.S.C. §§271, 281, and 284-285, among others.  This Court has subject matter jurisdiction of the

action under Title 28 U.S.C. §1331 and §1338(a).

4.      The Court has personal jurisdiction over Defendant SMI, and venue is proper

pursuant to 28 U.S.C. §§1391 and 1400(b).  Defendant SMI has substantial contacts with the

forum as a result of pervasive business activities conducted within the State of Colorado and

within this District, including but not limited to: (i) the marketing, sale and distribution of

industrial products, namely snow blowers; and (ii) the marketing and sale of products for

infringing water evaporators.

5.      Defendant SMI has committed and continues to commit acts of patent

infringement, directly and/or through agents and intermediaries, by making, using, selling, and/or

offering for sale certain infringing products in Colorado.  Specifically, Defendant SMI sells or

offers for sale (directly and/or through intermediaries) infringing water evaporators in this

District.

## III.   PATENT INFRINGEMENT

6.      On November 11, 2008, United States Patent No. 7,448,600 (hereinafter '600

Patent[1]) was duly and legally issued for a "Floating Wastewater Evaporator."  A true and correct

copy of the '600 Patent is attached hereto as **Exhibit 1**.

7.      Plaintiff Aston owns all rights, title, and interest in and to the '600 Patent and

---

[1] Patent Abstract: "A working pontoon raft has frame that supports a plurality of high speed evaporator fans. An on board pump draws wastewater from under the raft and feeds it to the fans. Large amounts of wastewater from industrial reservoirs, such as oil drilling reservoirs, are evaporated into the air in an environmentally friendly manner. Power is supplied to the raft via hydraulic lines. A land base generator supplies the hydraulic power. The entire system fits on a custom trailer".

possesses all rights of recovery under said patent, including the right to prosecute this action and to collect damages for all relevant times.

8.      As it pertains to this lawsuit, the '600 Patent is infringed by Defendant SMI's use, sale, offering for sale and/or manufacturing of water evaporators as detailed herein.

9.      On November 12, 2013, United States Patent No. 8,579,264 (hereinafter '264 Patent[2]) was duly and legally issued for a "Computer Controlled Wastewater Evaporator."  A true and correct copy of the '264 Patent is attached hereto as **Exhibit 2**.

10.     Plaintiff Aston owns all rights, title, and interest in and to the '264 Patent and possesses all rights of recovery under said patent, including the right to prosecute this action and to collect damages for all relevant times.

11.     As it pertains to this lawsuit, the '264 Patent is infringed by Defendant SMI's use, sale, offering for sale and/or manufacturing of water evaporators as detailed herein.

12.     On January 28, 2014, United States Patent No. 8,636,267 (hereinafter '267 Patent[3]) was duly and legally issued for a "Land Based or Floating Wastewater Evaporator."  A true and correct copy of the '267 Patent is attached hereto as **Exhibit 3**.

13.     Plaintiff Aston owns all rights, title, and interest in and to the '267 Patent and possesses all rights of recovery under said patent, including the right to prosecute this action and to collect damages for all relevant times.

14.     As it pertains to this lawsuit, the '267 Patent is infringed by Defendant SMI's use,

---

[2] Patent Abstract: "A pontoon based evaporative system has a weather monitoring station and control algorithm to shut down or slow down the atomizing fans in certain wind conditions. The central control system can control droplet size by slowing the fans down. The watercraft is collapsible to provide a fourteen foot width while afloat to support a plurality of atomizing fans high in the air. For transport the watercraft folds downs to a nine foot trailer width with the atomizing fans resting on the base. An alternate embodiments is a land based frame having the same atomizing fans and weather monitoring and control algorithm".

[3] Patent Abstract: "A plurality of atomizing fans are mounted on a portable land craft. A pump delivers pond water to the land craft to evaporate the pond water. A land based generator powers the pump and the atomizing fans. The entire system could be mounted on a single trailer".

sale, offering for sale and/or manufacturing of water evaporators as detailed herein.

15.     Chart of Asserted Claims:

| United States Patent No. | Claims - Including But Not Limited To |
| --- | --- |
| 7,448,600 | 17 |
| 8,579,264 | 23, 24, 25 |
| 8,636,267 | 12, 14, 17, 20, 21, 22 |

## COUNT I – INFRINGEMENT OF THE '600 PATENT

16.     Plaintiff Aston incorporates each of the allegations of this Complaint as if fully set forth herein.

17.     Defendant SMI has known of the '600 Patent since at least March 5, 2014, when a copy of the Complaint in this action, along with a copy of the '600 Patent, was filed with the Court and thereafter served on Defendant SMI.

18.     Upon information and belief, Defendant SMI has infringed and is continuing to directly infringe, contribute to the infringement of, and/or induce the infringement of, at least one claim of the '600 Patent without Plaintiff Aston's consent or authorization.

19.     Such acts of infringement include, but are not limited to, Defendant SMI's use, sale, and/or offer for sale of various water evaporators, including but not limited to, Kid PoleCat (*see*, **Exhibit 4**), Super PoleCat (*see*, **Exhibit 5**), Mega PoleCat (*see*, **Exhibit 6**), 420 Boom (*see*, **Exhibit 7**), and 420 Floaters (*see*, **Exhibit 8**) (hereinafter "Accused Products").

20.     Upon information and belief, Defendant SMI's and its customers/persons using Defendant SMI's Accused Products infringe at least one claim of the '600 Patent.

21.     Upon information and belief, Defendant SMI causes, urges, aids, advises,

encourages, and/or otherwise induces infringement by Defendant SMI's customers/persons who use such Accused Products; such infringing conduct is carried out; and Defendant SMI knows and intends that such Accused Products infringe at least one claim of the '600 Patent.

22.     Upon information and belief, Defendant SMI's Accused Products are especially made or especially adapted for use in an infringement of the '600 Patent, and are not staple articles or commodities of commerce suitable for any substantial non-infringing use.

23.     Upon information and belief, Defendant SMI's aforementioned actions have been, and continue to be, committed in a knowing and willful manner and constitute willful infringement of the '600 Patent.

24.     Plaintiff Aston has no adequate remedy at law for Defendant SMI's infringing acts.

25.     As a direct result of Defendant SMI's infringing acts, Plaintiff Aston has suffered and continues to suffer damage and irreparable harm. Unless Defendant SMI's infringing acts are enjoined by this Court, Plaintiff Aston will continue to be damaged and irreparably harmed.

26.     Defendant SMI is liable to Plaintiff Aston in an amount that adequately compensates him for Defendant SMI's infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. §284.

27.     Defendant SMI is further responsible for the indirect infringement of the '600 Patent by providing products to customers, (a) inducing infringement by instructing its respective customers to use the provided products in an infringing manner, and (b) contributing to the infringement of the '600 Patent by providing the infringing products – products that have no substantial non-infringing use – to its respective customers who then infringe the '600 Patent through their infringing use of Defendant SMI's products.

## COUNT II – INFRINGEMENT OF THE '264 PATENT

28.     Plaintiff Aston incorporates each of the allegations of this Complaint as if fully set forth herein.

29.     Defendant SMI has known of the '264 Patent since at least March 5, 2014, when a copy of the Complaint in this action, along with a copy of the '264 Patent, was filed with the Court and thereafter served on Defendant SMI.

30.     Upon information and belief, Defendant SMI has infringed and is continuing to directly infringe, contribute to the infringement of, and/or induce the infringement of, at least one claim of the '264 Patent without Plaintiff Aston's consent or authorization.

31.     Such acts of infringement include, but are not limited to, Defendant SMI's use, sale, and/or offer for sale of various water evaporators, including but not limited to, Kid PoleCat (*see*, **Exhibit 4**), Super PoleCat (*see*, **Exhibit 5**), Mega PoleCat (*see*, **Exhibit 6**), 420 Boom (*see*, **Exhibit 7**), and 420 Floaters (*see*, **Exhibit 8**) (hereinafter "Accused Products").

32.     Upon information and belief, Defendant SMI's and its customers/persons using Defendant SMI's Accused Products infringe at least one claim of the '264 Patent.

33.     Upon information and belief, Defendant SMI causes, urges, aids, advises, encourages, and/or otherwise induces infringement by Defendant SMI's customers/persons who use such Accused Products; such infringing conduct is carried out; and Defendant SMI knows and intends that such Accused Products infringe at least one claim of the '264 Patent.

34.     Upon information and belief, Defendant SMI's Accused Products are especially made or especially adapted for use in an infringement of the '264 Patent, and are not staple articles or commodities of commerce suitable for any substantial non-infringing use.

35.     Upon information and belief, Defendant SMI's aforementioned actions have been,

6

and continue to be, committed in a knowing and willful manner and constitute willful infringement of the '264 Patent.

36.     Plaintiff Aston has no adequate remedy at law for Defendant SMI's infringing acts.

37.     As a direct result of Defendant SMI's infringing acts, Plaintiff Aston has suffered and continues to suffer damage and irreparable harm. Unless Defendant SMI's infringing acts are enjoined by this Court, Plaintiff Aston will continue to be damaged and irreparably harmed.

38.     Defendant SMI is liable to Plaintiff Aston in an amount that adequately compensates him for Defendant SMI's infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. §284.

39.     Defendant SMI is further responsible for the indirect infringement of the '264 Patent by providing products to customers, (a) inducing infringement by instructing its respective customers to use the provided products in an infringing manner, and (b) contributing to the infringement of the '264 Patent by providing the infringing products – products that have no substantial non-infringing use – to its respective customers who then infringe the '264 Patent through their infringing use of Defendant SMI's products.

## COUNT III – INFRINGEMENT OF THE '267 PATENT

40.     Plaintiff Aston incorporates each of the allegations of this Complaint as if fully set forth herein.

41.     Defendant SMI has known of the '267 Patent since at least March 5, 2014, when a copy of the Complaint in this action, along with a copy of the '267 Patent, was filed with the Court and thereafter served on Defendant SMI.

42.     Upon information and belief, Defendant SMI has infringed and is continuing to

directly infringe, contribute to the infringement of, and/or induce the infringement of, at least one claim of the '267 Patent without Plaintiff Aston's consent or authorization.

43.     Such acts of infringement include, but are not limited to, Defendant SMI's use, sale, and/or offer for sale of various water evaporators, including but not limited to, Kid PoleCat (*see*, **Exhibit 4**), Super PoleCat (*see*, **Exhibit 5**), Mega PoleCat (*see*, **Exhibit 6**), 420 Boom (*see*, **Exhibit 7**), and 420 Floaters (*see*, **Exhibit 8**) (hereinafter "Accused Products").

44.     Upon information and belief, Defendant SMI's and its customers/persons using Defendant SMI's Accused Products infringe at least one claim of the '267 Patent.

45.     Upon information and belief, Defendant SMI causes, urges, aids, advises, encourages, and/or otherwise induces infringement by Defendant SMI's customers/persons who use such Accused Products; such infringing conduct is carried out; and Defendant SMI knows and intends that such Accused Products infringe at least one claim of the '267 Patent.

46.     Upon information and belief, Defendant SMI's Accused Products are especially made or especially adapted for use in an infringement of the '267 Patent, and are not staple articles or commodities of commerce suitable for any substantial non-infringing use.

47.     Upon information and belief, Defendant SMI's aforementioned actions have been, and continue to be, committed in a knowing and willful manner and constitute willful infringement of the '267 Patent.

48.     Plaintiff Aston has no adequate remedy at law for Defendant SMI's infringing acts.

49.     As a direct result of Defendant SMI's infringing acts, Plaintiff Aston has suffered and continues to suffer damage and irreparable harm. Unless Defendant SMI's infringing acts are enjoined by this Court, Plaintiff Aston will continue to be damaged and irreparably harmed.

50.     Defendant SMI is liable to Plaintiff Aston in an amount that adequately compensates him for Defendant SMI's infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. §284.

51.     Defendant SMI is further responsible for the indirect infringement of the '600 Patent by providing products to customers, (a) inducing infringement by instructing its respective customers to use the provided products in an infringing manner, and (b) contributing to the infringement of the '267 Patent by providing the infringing products – products that have no substantial non-infringing use – to its respective customers who then infringe the '267 Patent through their infringing use of Defendant SMI's products.

## IV.  JURY DEMAND

Plaintiff Aston hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## V.  PRAYER FOR RELIEF

Plaintiff Aston requests that the Court find in its favor and against Defendant SMI, and requests the Court to grant Plaintiff Aston the following relief:

a.  For judgment that one or more claims of the '600 Patent, '264 Patent, and '267 Patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendant SMI and/or by others to whose infringement Defendant SMI has contributed and/or by others whose infringement has been induced by Defendant SMI;

b.  For judgment for a reasonable royalty for said infringement;

c.  For pre-judgment and post-judgment interest on the damages caused by Defendant SMI's infringing activities and other conduct complained of herein;

d.  To the extent the evidence supports it, that this Court declare that Defendant SMI has acted willfully in infringement of the '600 Patent, '264 Patent, and '267 Patent and award Plaintiff Aston damages pursuant to 35 U.S.C. §284;

e.  To the extent the evidence supports it, that this Court declare this an exceptional case

9

and award Plaintiff Aston his reasonable attorney's fees and costs in accordance with 35 U.S.C. §285;

f.  Preliminary and permanently enjoin Defendant SMI, their officers, agents, servants, employees, and representatives, and all others in active concert or participation with them, from further infringing, directly or indirectly, the '600 Patent, '264 Patent, and '267 Patent; and

g.  That Plaintiff Aston be granted all relief to which Plaintiff Aston is otherwise entitled, and such other and further relief as the Court may deem just and appropriate under the circumstances.

DATED this 5th day of March, 2014.

Respectfully Submitted,

FISCHER LAW FIRM, P.C.

*/s/ Ronnie Fischer*
Mr. Ronnie Fischer
Fischer Law Firm, P.C.
1777 South Harrison Street
Penthouse – Suite 1500
Denver, Colorado 80210
Telephone: (303) 756-2500
Fax: (303) 756-2506
E-mail: Ronnie@FischerEsq.com

Mr. Rick Martin
Patent Law Offices of Rick Martin, P.C.
Post Office Box 1839
Longmont, Colorado 80502
Telephone: (303) 651-2177
Fax: (303) 772-3163
E-mail: rickpattm@yahoo.com

*Attorneys for Plaintiff*